FILED

97 NOV 28 AM 9:13

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

NOV 28 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHISTOPHER A. McGEE, | } |
| Plaintiff, | } } } |
| vs. | } CIVIL ACTION NO. } } CV-97-AR-2014-S |
| CRAVEN CROWELL, et al., | } } |
| Defendants. | } |

## MEMORANDUM OPINION

The court has before it the motion of defendants, Craven Crowell, Johnny H. Hayes, and William H. Kennedy, for partial summary judgment in the above-styled cause. Defendants are senior managerial officials at the Tennessee Valley Authority ("TVA"), a federal agency. Plaintiff, Christopher A. McGee ("McGee"), a former TVA employee, alleges, *inter alia*, that defendants discriminated against him on the basis of his gender by failing to select him for the position of Project Control Engineer. McGee brings this action pursuant to the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). After more than ten days notice, the court heard oral argument on defendants' said motion at the November 14, 1997, motion docket. For the reasons set out below, the court concludes that defendants are entitled to the relief sought.

### *Summary Judgment Standard*

Rule 56 states in pertinent part:

The judgment sought shall be rendered forthwith if the

> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with affidavits, if any, show
> that there is no genuine issue as to any material fact and
> that the moving party is entitled to a judgment as a matter
> of law.

Fed.R.Civ.P. 56(c). The Eleventh Circuit also has observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). Defendants have invoked Rule 56.

### Discussion

In part, McGee alleges that defendants discriminated against him on the basis of his gender by failing to select him for the position of Project Control Engineer. Defendants argue that they are due summary judgment on said claim because this court is without jurisdiction over it. Defendants' argument is well taken.

The record makes clear that on November 6, 1996, TVA sent McGee (and his attorney) a letter informing him of its decision not to investigate his failure to select claim. (Exh. B to Answer). In that letter, TVA cited McGee's failure to comply with all the procedural prerequisites for bringing such a claim as the basis for its decision. The letter explained that McGee could either appeal this decision to the Equal Employment Opportunity Commission ("EEOC") or file suit in a federal district court, and it set out the procedures for doing so in explicit detail. In particular, the letter explained that, if McGee chose to seek review in federal district court, he must do so within

2

ninety (90) days of receiving notice of TVA's decision. *See* 29 C.F.R. §1614.408(a) (prescribing filing deadline for such review).

McGee received TVA's letter on November 14, 1996. (Exh. F to Answer). He did not pursue an appeal with the EEOC, and he did not file this action until August 4, 1997. Obviously, when McGee elected to come to federal court, he did so well past the ninety-day deadline imposed by 29 C.F.R. § 1614.408(a). In so doing, he has insured that this court is without jurisdiction to review TVA's decision regarding his failure to select claim.

Although McGee necessarily concedes that he did not appeal TVA's decision until after the ninety-day filing deadline, he alleges that TVA engaged in an effort to mislead him that contributed to his failure to file his suit within the prescribed time. He argues that, because of TVA's alleged subterfuge, equity requires that this court toll the filing deadline to allow him to bring his failure to select claim. This court rejects this argument.

The United States Supreme Court has observed:

> <u>Federal courts have typically extended equitable relief only sparingly</u>. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. <u>We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal remedies</u>.

<u>Irwin v. Dept. of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58 (1990) (emphasis supplied). In the instant case, McGee points to nothing to support a claim that TVA acted illegally or in a manner

3

that obfuscated the requirements for appealing its decision regarding his failure to select claim to federal court. Rather, TVA's letter of November 6, 1996, made those requirements quite clear. Clearly, equity does not require that the ninety-day filing deadline be tolled where, as here, the employer told the employee exactly what to do to take a timely appeal of the challenged decision. Therefore, the court concludes that defendants are entitled to summary judgment on McGee's failure to select claim.

### Conclusion

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this 28 day of November, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE